United States District Court
Southern District of Texas
FILED

JUL 02 2008

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JAN L. BACHMEIER | § | |
| Plaintiff | § | Case No.: **B-08-356** |
| v. | § | |
| CACV of Colorado, LLC; and | § | COMPLAINT AND JURY DEMAND |
| Hartford Fire Insurance Company | § | |
| Defendants | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, JAN L. BACHMEIER ("BACHMEIER") brings suit against Defendant CACV of Colorado, LLC Defendant CACV of Colorado, LLC ("CACV") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq., (F.D.C.P.A.), the Fair Credit Reporting Act, 15 U.S.C. 1691 *et seq.*, (F.C.R.A.), the Texas debt collection act, Ch. 392 Tex. Fin. C., and for related claims. Suit is also brought against Defendant Hartford Fire Insurance Company, the bonding company for CACV.

### A.   JURISDICTION AND VENUE.

1.   The Court has federal question jurisdiction over the lawsuit because the action arises under the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq., (F.D.C.P.A.). Jurisdiction of the Court arises under 28 U.S.C. 1331 in that this dispute involves predominant issues of federal law, the F.D.C.P.A. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202. The court has supplemental jurisdiction under 28 U.S.C. §1367 over Plaintiff's state law claims because said claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution. The Court specifically has jurisdiction over Defendant Hartford Fire Insurance Company under 28

1

U.S.C. § 1367(a) (the federal court's "supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties).

2.  Venue in this District because all or a substantial part of the events or omissions giving rise to their claims occurred in Cameron County, Texas.

3.  Plaintiff is an individual who resides at 230 Highland Dr., Harlingen, TX 78552, Cameron County.

4.  Defendant CACV OF COLORADO, LLC is a foreign corporation organized and existing under the laws of the State of Colorado, with a principal place of business at 4340 S. Monaco St., 2nd Floor, Denver, CO 80237. Said Defendant may be served by and through its registered agent C T Corporation System, 350 North St. Paul St., Dallas, TX 75201.

5.  The Court has jurisdiction over Defendant CACV, a nonresident. Said Defendant has purposefully availed itself of the privileges and benefits of conducting business in Texas by engaging in business in Texas. Said Defendant engaged in business in Texas by attempting to collect an alleged debt against Plaintiff in Texas in a manner that violated the F.D.C.P.A. and that form the basis of the other claims brought by way of this complaint.

6.  Defendant Hartford Fire Insurance Company is a foreign corporation organized and existing under the laws of the State of Connecticut, with a principal place of business at One Hartford Plaza T 16 85, Hartford CT 06155. Said Defendant may be served by and through its registered agent Corporation Service Company 701 Brazos Street, Suite 1050, Austin 78701.

7.  The Court has jurisdiction over Defendant Hartford, a nonresident. Said Defendant has

purposefully availed itself of the privileges and benefits of conducting business in Texas by engaging in business in Texas. Said Defendant engaged in business in Texas by providing a bond to Defendant CACV in favor of consumers harmed by CACV's violations of the Texas debt collection practices act.

8.  Pursuant to Tex. Fin. C. § 392.102 and pursuant to the terms of the bond agreement itself, Defendant Hartford is liable for the Texas debt collection claims Plaintiff can bring against CACV. Therefore, when this petition refers to liability of CACV for violations of the Texas debt collection act, that liability refers equally to Defendant Hartford. For the purpose of simplicity, this complaint will use the generic term Defendant to mean CACV, with derivative liability to Defendant Hartford for the Texas debt collection act claims.

9.  All conditions precedent necessary to maintain this action have been performed or have occurred.

## B. STATEMENT OF FACTS AND GENERAL THEORY OF THE CASE

10. On July 17, 2007 Defendant CACV of Colorado, LLC filed a collection lawsuit against Plaintiff Jan Bachmeier in Cause No. 2007-CCL-1200-C, CACV of Colorado, LLC v. Jan L. Bachmeier, Cameron County Court at Law # 3, Cameron County ("the state court action"). A true and correct certified copy of the [Original] Petition to Confirm Arbitration Award is attached as Exhibit A.

11. Defendant filed the confirmation suit on July 17, 2007. The four corners of the suit

3

demonstrate that the arbitration award was issued December 23, 2005, more than 1 ½ years prior to the filing of the confirmation suit.[1]

### a. One year statute of limitations for suits to confirm arbitration awards.

12. A suit to confirm an arbitration award must be filed **_within one year_** of the issuance of the award or else be barred by the statute of limitations. This has been the holding of numerous courts who have interpreted 9 U.S.C. § 9 of the Federal Arbitration Act.[2] Photopaint Technologies, LLC v. Smartlens Corporation, 335 F.3d 152, 155-160 (2nd Cir. 2003) ("We reverse, holding that the FAA does impose a one-year statute of limitations..."); General Electric Co. v. Anson Stamping Co., Inc., 426 F.Supp.2d 579, 581-595 (W.D. Ky. 2006); MBNA America Bank, N.A. v. Rogers, 835 N.E.2d 219, 221-222 (Ind. App. 2005); Maryland Transit Administration v. AMTRAK, 372 F.Supp.2d 478, 483 (D.Md. 2005).

13. Ms. Bachmeier was represented in the state court action by Texas RioGrande Legal Aid, Inc. ("Legal Aid").

14. Throughout the course of the state court lawsuit Defendant was repeatedly placed on notice that the confirmation claims were barred by the statute of limitations. For example, in the underlying action Ms. Bachmeier filed a motion to dismiss on September 20, 2007 specifically

---

1 See Exhibit A, [Original] Petition to Confirm Arbitration Award, certified page 5 of 89, § 8 ("The award is dated 12-29-05, and a true and correct copy of the award is attached to this Petition"; and pages 21 and 22 (the alleged arbitration award and cover letter to the award, both dated December 29, 2005) and page 26 (the proposed order confirming that the arbitration award was issued "12-29-05").

2 9 U.S.C. 9 reads in relevant part: "If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award."

4

pointing out the one year statute of limitation.

15. Rather than dismissing suit, Defendant willfully and wantonly chose to continue to attempt to collect the time barred debt through litigation. Defendant vigorously opposed Ms. Bachmeier's motion to dismiss in the state court action.

### b. Nonmutual offensive collateral estoppel as to statute of limitations issue.

16. After much litigation, the state court sided with Ms. Bachmeier, ruled that the suit to confirm arbitration was barred by the statute of limitations, and dismissed the suit. Ms. Bachmeier filed no counterclaims in the underlying suit.

17. Defendant is collaterally estopped from arguing that it may file suit to confirm arbitration more than one year after the date of the alleged award.

18. Without limitation, Plaintiff asserts nonmutual offensive collateral estoppel against Defendant CACV on the following issues: 1) the statute of limitations for suits to confirm arbitration awards is one year from the date of the arbitration award; 2) filing and maintaining such a confirmation suit is a violation of the F.D.C.P.A.; and 3) filing and maintaining such a confirmation suit is a violation of the Texas debt collection act, and thus of the D.T.P.A. through the "tie-in" provisions[3] of those statutes. These questions of law were fully litigated against Defendant CACV in <u>CACV of Colorado, LLC v. Arnella Abraham</u>, Cause No. <u>C-1-CV-05-</u>

---

3 A violation of the Texas debt collection act is a per se violation of the D.T.P.A. Specifically, Tex. Fin. C. § 392.404 states a violation of the Texas debt collection act "is a deceptive trade practice under Subchapter E, Chapter 17, Business & Commerce Code [the D.T.P.A.] and is actionable under that subchapter." <u>See</u> <u>also</u> Tex. Bus. Com. C. § 17.50(h) ("Notwithstanding any other provision of this subchapter, if a claimant is granted the right to bring a cause of action under this subchapter by another law, the claimant is not limited to recovery of economic damages only, but may recover any actual damages incurred by the claimant, without regard to whether the conduct of the defendant was committed intentionally.")

286711, Travis County Court at Law # 2, Travis County, TX. After cross motions for summary judgment and a contested trial on the merits the Travis County court ruled against CACV on the above three legal issues. The Court entered final judgment against CACV for $56,600.00 (subject to appellate remitters). A true and correct copy of said judgment is attached to this petition as Exhibit C and is incorporated by reference.

19. Through the doctrine of offensive collateral estoppel, Plaintiff Bachmeier is entitled to foreclose CACV from litigating the above legal issues that CACV has previously litigated unsuccessfully in an action with another party, Arnella Abraham. See, e.g. Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 326 n.4, 329, 99 S. Ct. 645, 58 L. Ed. 2d 552 (1979).

    c. **Amounts sought not authorized by law.**

20. Defendant's original suit to confirm arbitration also demanded an additional $750.00 in attorney's fees for filing the suit to confirm the arbitration award,[4] over and above the arbitration award itself, court costs, and undefined "additional disbursements."[5]

21. The award of additional attorney's fees for filing a suit to confirm an arbitration award is not authorized by law by the Federal Arbitration Act, nor the Texas statute governing arbitration, Tex. Civ. Pract. Rem. C. § 171.001 et seq., nor the cardholder agreement, nor by any other legal

---

4 See Exhibit A, [Original] Petition to Confirm Arbitration Award, certified page 5 of 89, § 4 of Prayer ("Petitioner prays that… 4. In addition, the Petitioner be awarded Attorneys [sic] fees at a reasonable and customary rate of $750.00") See also Defendant's proposed order and judgment confirming arbitration, certified page 27 of 89

5 Id. , § 2, 3 of Prayer ("Petitioner prays that… 2. This Court enter judgment that conforms to the award of arbitration. 3. 4. Petitioner be awarded its court costs and arbitration fees for all disbursements in this proceeding.")

authority.

22.    The arbitration provision of the cardholder agreement that Defendant attached to the state court action states, "In no event will you be required to reimburse us for any arbitration filing, administrative or hearing fees ***in an amount greater than what you court costs would have been*** if the claim had been resolved in a state court with jurisdiction." (emphasis added).

23.    However, the suit to confirm arbitration in facts does seek to collect fees that are greater than if the debt collection claim had been brought directly in state court rather through arbitration. The total amount of the arbitration award is greater then the sum of the components demanded in the claim submitted in the to the arbitrator, that is, the principal, interest, and attorney's fees of up to 20% of the total amount of the alleged unpaid debt. The difference between the amount of the claim and the amount of the award results in the effective inclusion of a fee which is not itemized in the award. On top of this inflated arbitration award, the suit to confirm arbitration demands attorney's fees for filing the suit to confirm the arbitration award,[6] court costs, and undefined "additional disbursements."[7]

24.    The total amount of the arbitration award was $25,188.76,[8] which included the award of

---

6 See Exhibit A, [Original] Petition to Confirm Arbitration Award, certified page 5 of 89, § 4 of Prayer ("Petitioner prays that... 4. In addition, the Petitioner be awarded Attorneys [sic] fees at a reasonable and customary rate of $750.00") See also Defendant's proposed order and judgment confirming arbitration.

7 Id. , § 2, 3 of Prayer ("Petitioner prays that... 2. This Court enter judgment that conforms to the award of arbitration. 3. 4. Petitioner be awarded its court costs and arbitration fees for all disbursements in this proceeding.")

8 Exhibit A, certified page number 22 of 89, the alleged arbitration award attached to the [Original] Petition to Confirm Arbitration Award.

7

$2,892.38 attorney's fees.[9]

25. However, the judgment Defendant proposed for the court to sign in the underlying state court action stated that the arbitration award consistent entirely of principal and prejudgment interest. This is untrue according to the very papers Defendant filed with the state court. Moreover, this would allow Defendant to obtain post-judgment interest at 18% on the entire arbitration award. In a suit for breach of contract, the post-judgment interest rate **_on the debt_** is the lesser of the prejudgment interest rate (here alleged to be 27.98%) or 18 percent. Tex. Fin. C. § 304.003. By representing to the court that the entire $25,188.76 arbitration award consisted entirely of the debt, Defendant could seek to obtain an 18% rate of interest in on the $2,892.38 in attorney's fees awarded by the arbitrator. Had Defendant drafted the final judgment properly, the post-judgment interest on the portion of the arbitration award that was attributable to attorney's fees awarded in arbitration would be limited to the rate published by the Office of the Consumer Credit Commissioner, currently 5.25%.

### COUNT # 1: Violations of the federal Fair Debt Collection Practices Act.

26. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

27. Plaintiff brings these F.D.C.P.A. claims as a "private attorney general" acting in the interest of all consumers. See S. Rep. No. 382, 95th Con., 1st Sess. 5, ("The committee views this legislation as primarily self-enforcing; consumers who have been subject to debt collection

---

9 Exhibit B, Claim filed in arbitration, certified page number 61 of 89, § 4.

8

abuses will be enforcing compliance.").

28.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

29.     Defendant is a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6).

30.     The obligation alleged by Defendant in the underlying action is a "debt" as defined by 15 U.S.C. § 1692a(5).

31.     Defendant's litigation in the underlying action constituted an attempt to collect a debt within the meaning of the federal Fair Debt Collection Practices Act.

32.     Defendant violated the following sections of the federal Fair Debt Collection Practices Act (the "F.D.C.P.A."): 15 U.S.C. 1692b, 1692c, 1692d, 1692e, 1692f, and 1692g. By way of example and not limitation Defendant violated the F.D.C.P.A. by taking the following actions in an attempt to collect a debt: misrepresenting the character, status, and amount of the debt; attempting to collect an amount not permitted by law or contract; threatening to take and actually taking an action prohibited by law; using false, deceptive or misleading representations or means; using a unfair or unconscionable means; and engaging in conduct the natural consequence of which is to harass, oppress any person.

33.     Attorney's fees are sought solely by attorney Ahmad Keshavarz, not by Texas RioGrande Legal Aid, Inc.

### COUNT # 2: Violations of the Texas debt collection statute, Tex. Fin. C. § 392.001 *et seq*

34.     Plaintiff repeats and realleges each and every allegation set forth above as if reasserted

and realleged herein.

35. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and by Tex. Fin. C. § 392.001(1).

36. Defendant is a "third-party debt collector" as that term is defined in Tex. Fin. C. § 392.001(7).

37. The obligation alleged by Defendant in the underlying action is a "consumer debt" as that term is defined in Tex. Fin. C. § 392.001(2).

38. Defendant violated Tex. Fin. C. § 392.001 et seq., the Texas debt collection act. By way of example and not limitation, in connection with an attempt to collect a consumer debt Defendant violated the act by: misrepresenting the character, status, and amount of the debt; making fraudulent, deceptive, or misleading representations; using an unfair or unconscionable means to collect a debt; using threats coercion or attempts to coerce; threatening to take and actually taking an act prohibited by law; oppressing, harassing, or abusing a person; using language intended to abuse unreasonably the hearer or reader; making repeated or continuous telephone calls, with the intent to harass a person at the called number; collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer.

39. A prevailing consumer in a Texas debt collection action is entitled to actual damages, additional statutory damages of $100.00 in *per violation*, and mandatory attorney's fees and cost,

and these are so sought. Plaintiff's claims are brought independently and by and through the D.T.P.A.

40. Attorney's fees are sought solely by attorney Ahmad Keshavarz, not by Texas RioGrande Legal Aid, Inc.

### COUNT # 3: Tort of unfair debt collection.

41. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

42. The actions that violate the debt collection statute also constitute the tort of wrongful debt collection, which allows for the recovery of actual, exemplary and punitive damages, and which is so sought. Duty v. General Finance Company, 273 S.W.2d 64 (Tex. 1954).

### COUNT # 4: Equitable relief sought under the D.T.P.A.

43. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

44. Plaintiff seeks equitable relief under the D.T.P.A., which do not require presuit notice. Presuit D.T.P.A. notice is only "a prerequisite to filing a suit *seeking damages* under" Tex. Bus. Com. C. § 17.50(b)(1). Tex. Fin. C. § 17.505. Plaintiff does not seek such recovery at this time. Rather, at this time, Plaintiff limits her requested D.T.P.A. equitable relief to that authorized under Tex. Bus. Com. C. § 17.50(b)(2) (injunctive relief), § 17.50 (b)(3) ("orders necessary to restore to any party to the suit any money or property, real or personal, which may have been

11

acquired in violation of" the D.T.P.A., § (b)(4) ("any other relief which the court deems proper, including the appointment of a receiver or the revocation of a license or certificate authorizing a person to engage in business in this state…"), and other equitable relief. Other equitable relief sought includes, without limitation, profit disgorgement, equitable disgorgement and fee forfeiture. Plaintiff seeks a permanent injunction barring Defendant from again taking actions that form the basis of this suit. Plaintiff need not show actual damages in order to obtain said equitable relief. Kinzbach Tool Co. v. Corbett-Wallace Corp., 160 S.W.2d 509, 514 (Tex. 1942); Watson v. Limited Partners of WCKT, Ltd., 570 S.W.2d 179, 182 (Tex. Civ. App.—Austin 1978, writ ref'd n.r.e.); Russell v. Truitt, 554 S.W.2d 948, 952 (Tex. Civ. App.—Fort Worth 1977, writ ref'd n.r.e.); see also Restatement (Second) of Agency § 399 (1958) (listing remedies).

45. Defendant violated Texas Deceptive Trade Practices Act. Defendant committed "false, misleading, or deceptive acts or practices" within the meaning of Tex. Bus. & Com. Code §17.46(a).

46. Defendant's actions also constitute an "unconscionable action or course of action" which, to Plaintiff's detriment, took advantage of the lack of knowledge, ability, experience, or capacity of Plaintiff to a grossly unfair degree in violation of Tex. Bus. & Com. Code §17.50(a)(3).

47. Defendant also violated the Texas debt collection act and those violations are brought by and through the D.T.P.A. as a "tie-in" claim.

48. Although scienter is not a prerequisite for D.T.P.A. liability, Defendant took these actions knowingly and intentionally.

49. Plaintiff is entitled to recover reasonable and necessary attorney fees and costs under Tex. Bus. & Com. Code §17.50(d). See <u>Arthur Andersen & Co. v. Perry Equip. Corp.</u>, 945 S.W.2d 812, 819 (Tex. 1997). Attorney's fees are both mandatory and reasonable in a D.T.P.A. case even if the fees greatly exceed the actual damages awarded to the consumer. <u>Jack Roach Ford v. De Urdanavia</u>, 659 S.W.2d 725 (Tex. App.—Houston [14th Dist.] 1983, no writ) ($20,000.00 in attorney's fees approved on a recovery of $500.00 in actual damages); <u>Tate v. Wiggins</u>, 583 S.W.2d 640 (Tex. Civ. App.--Waco 1979, no writ) ($14,500.00 in fees approved on a recovery of $1,000.00 in actual damages to one of Plaintiff and $1,400.00 to the other); <u>Seabury Homes, Inc. v. Burleson</u>, 688 S.W.2d 712 (Tex. App.--Fort Worth 1985, no writ) ($15,000.00 in fees approved on a recovery of $2,000.00 in actual damages); <u>IFG Leasing Co. v. Ellis</u>, 748 S.W.2d 564 (Tex. App.--Houston [14th Dist.] 1988, no writ) (an award of attorney's fees upheld even though the consumer only was awarded a certificate of title and no monetary damages.

50. Attorney's fees are sought solely by attorney Ahmad Keshavarz, not by Texas RioGrande Legal Aid, Inc.

### C. ATTORNEY'S FEES

51. Attorney's fees are sought solely by attorney Ahmad Keshavarz, not by Texas RioGrande Legal Aid, Inc.

### D. JURY DEMAND.

52. Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

### E. PRAYER

53. For these reasons, Plaintiff asks for judgment against Defendant for the following:

i. The above referenced relief requested;

ii. Statutory damages, including $1,000.00 pursuant to 15 U.S.C. § 1692k (F.D.C.P.A.) and $100 per violation pursuant to Tex. Fin. C. § 392.403(e) (Texas debt collection act).

iii. Equitable relief including, but not limited to, fee forfeiture, profit disgorgement and equitable disgorgement;

iv. Actual, economic, punitive and exemplary damages within the jurisdictional limits of the court;

v. Attorney fees for attorney Ahmad Keshavarz, not for Texas RioGrande Legal Aid, Inc.

vi. Costs of court;

vii. Exemplary and punitive damages;

viii. Prejudgment and post-judgment interest as allowed by law;

ix. Costs of suit;

x. General relief;

xi. An injunction preventing Defendant from engaging in similar unlawful conduct now and in the future;

xii. All other relief, in law and in equity, both special and general, to which Plaintiff may be justly entitled.

Respectfully submitted,

Ahmad Keshavarz
ATTORNEY IN CHARGE FOR PLAINTIFF
State of Texas Bar Number: 24012957

The Law Offices of Ahmad Keshavarz
16 Court St., 26th Floor
Brooklyn, NY 11241-1026

Phone: (718) 766-8376
Fax:  (877) 496-7809 (toll-free)
Email: ahmad@AustinConsumerAttorney.com


TEXAS RIO GRANDE LEGAL AID, INC.


By: Christina E. Trejo
Attorney at Law

    State of Texas Bar Number: 24003124

Texas RioGrande Legal Aid, Inc.
Houston Office
1010 Waugh Dr.
Houston, Texas 77019
Phone: (713) 528-6798 ext. 2257
Fax: (713) 630-2218
Email: CTrejo@trla.org